|  | HONORABLE RONALD B. LEIGHTON |
|---|---|

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAWUD MALIK, f/k/a DAVID RIGGINS,<br><br>Plaintiff,<br>v.<br><br>RICHARD MORGAN, KECIA RONGEN; the STATE OF WASHINGTON and the DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | CASE NO. 3:17-CV-05875-RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

THIS MATTER is before the Court on Defendants' Motion to Dismiss [Dkt. #14]. After spending nearly 50 years in prison, Plaintiff Dawud Malik, formerly known as David Riggins, was paroled on October 25, 2015. One of his parole conditions was that he was not to enter or reside in King County, Washington, without prior permission of his assigned community corrections officer. On November 2, 2015, Malik received permission from his parole officer to attend a funeral in Seattle. During that visit, Malik also had lunch with his attorney, Felix Luna. Malik reported the lunch to his parole officer. As a result, his parole was revoked, and he was incarcerated for 30 days.

1  Malik sued. He claims that both his parole's "banishment" provision, and his

2  incarceration for violating it, were unconstitutional. The State has since lifted the banishment

3  order, but Malik claims the State still requires him to obtain prior permission before entering

4  King County, violating his constitutional right to "travel." Malik further alleges similar state tort

5  claims of negligence, negligent and intentional infliction of emotional distress, and outrage

6  arising from his "unlawful banishment" and "unlawful" arrest and imprisonment.

7  Defendants seek judgment on the pleadings under Fed. R. Civ. P. 12(c). They argue (1)

8  they are absolutely immune from Malik's claims because they performed quasi-judicial

9  functions; (2) they are entitled to qualified immunity because Malik's constitutional right to

10 reside or work in King County was not clearly established; (3) Malik's 42 U.S.C § 1983 claims

11 fail because Defendants, acting in their official capacity, are not "persons;" and (4) Malik fails to

12 state a damages claim under state law because a parolee's disagreement with his conditions of

13 release is not actionable in tort. The parties seem to agree that Malik could state a viable claim

14 for declaratory or injunctive relief.

15 To the extent Malik seeks money damages, however, Defendants are correct that they

16 enjoy quasi-judicial immunity. To be sure, the Court is troubled by Malik's 30-day incarceration

17 for taking a seemingly legitimate "detour" on his way home from an approved visit to King

18 County, which he told his parole officer about. Defendants declined the Court's invitation to

19 elaborate on the circumstances surrounding this event. While that failure does not deprive the

20 Defendants of immunity, it is disappointing.

### I. LEGAL STANDARD

22 Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal

23 theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether

there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

## II. DISCUSSION

**A. Defendants are entitled to absolute quasi-judicial immunity.**

The Defendant Parole Board, its members, and the community corrections officers who enforce board-imposed conditions claim they are entitled to absolute quasi-judicial immunity because the Board is "closely associated with the judicial process," and acts "in the place of the court." Dkt. 14; Dkt. 23. Malik responds that nothing on the face of his complaint would permit the Court to determine that the imposition and enforcement of the provision at issue is closely associated with the judicial process; thus, Malik claims Defendants are not entitled to absolute quasi-judicial immunity. Dkt. 21.

"If an official's role is functionally equivalent to that of a judge, the official will be granted equivalent immunity." *Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981). "[P]arole board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole." *Id.* Determining a prisoner's actual term of confinement is a task historically performed by courts. *Taggart v. State*, 822 P.2d 243, 248–49 (Wash. 1992). Thus, the rationale underlying judicial immunity applies forcefully to the Board's parole decisions. *Id.*

However, "[p]arole officers are entitled to quasi-judicial immunity only for those functions they perform that are an integral part of a judicial or quasi-judicial proceeding . . . such as enforcing the conditions of parole. But when the officer takes purely supervisory or administrative actions, no such protection arises." *Taggart*, 822 P.2d at 252. Nevertheless, "[w]hen an administrative action resembles judicial action, the rationale behind granting judges immunity—the need for independent and impartial decision making—applies with equal force." *Id.* at 247. Quasi-judicial immunity also extends to the Department of Corrections when it sets,

modifies, or enforces conditions of community custody. *Tibbits v. State Dep't of Corr.*, 346 P.3d 767, 769 (Wash. Ct. App. 2015); Wash. Rev. Code § 9.94A.704(11). The ultimate question is "whether the challenged actions were functionally similar enough to those performed by a judge to warrant the immunity." *Taggart*, 822 P.2d at 247.

As the body charged with setting, modifying, and enforcing Malik's conditions of parole, Defendants perform a quasi-judicial function. Defendants performed a quasi-judicial function when they imposed the travel restriction and when they enforced that restriction upon violation. Malik cannot sue the Parole Board, or its members acting in their official capacity, for damages. Defendants' Motion to Dismiss Malik's § 1983 claims on this basis is **GRANTED,** and his claim for money damages against Defendants is **DISMISSED**.

Because the same principles apply to state law tort money damage claims, the same immunity requires the same result. Malik's state law claims for money damages (negligence, negligent and intentional infliction of emotional distress, and outrage) are similarly **DISMISSED**.

But immunity does not apply to the declaratory or injunctive claims which may arise from Malik's core complaint—that the banishment provision is unconstitutional. Malik is GRANTED leave to amend his complaint to assert such claims.

//

//

//

//

//

## CONCLUSION

Defendants' motion to dismiss Malik's claims for damages is **GRANTED**. The Court grants Malik leave to amend for injunctive relief with respect to his travel restriction. Malik has 21 days to amend his complaint.

IT IS SO ORDERED.

Dated this 27th day of April, 2018.

Ronald B. Leighton
United States District Judge